WILLIAM CRABB & COMPANY, PLAINTIFF, v. NEW JERSEY MANUFACTURERS' CASUALTY INSURANCE COMPANY, DEFENDANT.

Submitted December 2, 1920—Decided February 28, 1921.

By agreement of counsel for plaintiff and defendant a statement of the right in controversy and a stipulation of facts was presented to part 1 of the Supreme Court, as the judges who should, by the option of the parties, hear and determine the cause without pleadings. This proceeding is based on section 22 of the Practice act 1912—*Held*, that this section does not authorize the proceeding, as it amounts to a trial at the bar of the Supreme Court which is not the option permitted by section 22, and that the option is limited to a judge authorized to preside at a trial of the issues raised by the statements or stipulations. If the cause of action be local in the county where the lands are located; and if transitory, before any judge authorized to try the cause as provided by law.

On agreed state of facts.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the plaintiff, *Coult & Smith*.

For the defendant, *Kellogg & Chance*.

The opinion of the court was delivered by

BERGEN, J. The record in this case as laid before us contains nothing but a stipulation of facts which does not show where any suit is pending. It is submitted under section 22 of the Practice act 1912, which provides that "judgment final may be entered without process or pleadings upon a statement of the right in controversy and an agreed statement of facts, or a stipulation agreeing upon certain facts and submitting other issues in the case for trial. In either case, subject to rules, the parties may, by their option, agree upon the judge who shall hear and determine the case, and the judgment of the court may be entered upon his findings." In the present case, the stipulation is that "the case shall be heard before part 1 of the Supreme Court of New Jersey or as the court may require," and on this it is supposed that the justices constituting part 1 shall hear and determine the case. If this is allowable under the section of the Practice act referred to, then any litigant can call upon the entire court to hear and determine all cases where the facts are stipulated. In such case the entire Supreme Court would be disqualified from sitting in the Court of Errors and Appeals, and in the present case the three judges now called upon to try the case would be disqualified. Section 22 of the Practice act does not authorize parties to agree upon the Supreme Court, but upon "the judge" who shall hear and determine the cause, and form 34, embraced in the act and a part thereof, applicable to a case to be submitted without pleadings, reads: "The Honorable ————, Justice of the Supreme Court (or judge of the Circuit Court), is agreed upon as the judge who shall hear and determine this case." Thereby plainly indicating

that the legislative intent was that such cases should be heard before a judge entitled to preside at the trial of the issue if a jury was waived. This statute should be construed with all other acts *in pari materia.* The statute (*Comp. Stat., p.* 1712, § 28) provides "that the Chief Justice, or one of the justices of the Supreme Court before whom the Circuit Court in the respective counties shall be held, shall try all issues which have been or shall be joined in the Supreme Court, or in any other court, and brought into the Supreme Court to be tried, and which are or may be triable in the said county;" the next section provides that such issues may be tried by a justice of the said court, or by a judge of the Circuit Court, to whom the same may be referred by the justice of the Supreme Court. So, that all ordinary Supreme Court issues are to be tried at Circuit either before a Supreme Court justice or the proper Circuit Court judge. Section 22, above recited, does not authorize this proceeding, as it amounts to a trial at the bar of the Supreme Court; the option is limited to a judge authorized to preside at the trial of the issue raised by the statements or stipulations. If the cause of action is local, then in the county where the lands are located; if transitory, before any judge authorized to try the cause as provided by law. If the theory of the parties to this proceeding is correct, then section 201 of the Practice act (*Comp. Stat., p.* 4113) can be abrogated by agreement. That section provided that every local action shall be tried in the county where the lands in question are situated or the cause of action arose, unless the Supreme Court in actions pending therein shall order the trial to be at bar of the Supreme Court which shall only be done if the matter or property in dispute shall be of the value of $3,000. The effect of this statute is that the action must be tried in the county in which the lands are situated or the cause of action arose. If the option is as broad as counsel claim, then every case can, at the option of the parties, be tried at bar in all Supreme Court issues, and a local action triable, by the statute relating to such action, in the county of Cape May, may by agreement of counsel be heard before a judge sitting in the county of Sussex. It is no an-

swer to say that counsel will not make such agreement, for the question is not of the probable disposition of counsel but one of law. The present attempt to obtain a trial at bar without statutory authority is not authorized by the statute appealed to.

The cause not being properly before us, we have no authority to consider the merits.